UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

TYRONE HOUSTON A/K/A
TYRONE BLACK,

Plaintiff,

Case # 13-CV-6594-FPG

v.

DECISION & ORDER

MICHAEL SHEAHAN, et al,

Defendants.

## INTRODUCTION

*Pro se* plaintiff Tyrone Houston a/k/a Tyrone Black ("Plaintiff"), an inmate currently housed at Five Points Correctional Facility ("Five Points") in the custody of the New York State Department of Corrections and Community Supervision ("DOCCS"), brings this action against 34 DOCCS employees based on alleged violations of his constitutional rights.

In lieu of answering Plaintiff's Complaint, Defendants filed a "Motion for Summary Judgment *(and 12(b) Motion)*" which appears to rely on both Rule 12(b)(6) and Rule 56 of the Federal Rules of Civil Procedure in some unspecified combination. ECF No. 30. For the reasons stated below, Defendants' Motion is denied.

## DISCUSSION

A motion to dismiss under Rule 12(b)(6) tests the sufficiency of the complaint, and will be granted if the plaintiff has failed to "state a claim upon which relief can be granted." Fed. R. Civ. P 12(b)(6). The Court reviewing a motion to dismiss under Rule 12(b)(6) "must accept as true all of the factual allegations contained in the complaint," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 572 (2007), and "draw all reasonable inferences in Plaintiff's favor." *Faber v. Metro.*

*Life Ins. Co.*, 648 F.3d 98, 104 (2d Cir. 2011).  Matters outside the pleadings may not be considered when deciding a motion under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d).

On the other hand, a defendant who files a motion for summary judgment under Rule 56 tests the sufficiency of the plaintiff's evidence.  Rule 56 explicitly states that a party moving for summary judgment must "identify[] each claim or defense--or the part of each claim or defense--on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  A Court reviewing a motion under Rule 56 "shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  *Id.*  Unlike a motion to dismiss under Rule 12(b)(6), parties arguing the merits of a motion for summary judgment under Rule 56 must cite to particular parts of material in the record.  Fed. R. Civ. P. 56(c)(1).  Material cited to prove or dispute a fact under Rule 56 must be capable of being presented as evidence in an admissible form.  Fed. R. Civ. P. 56(c)(2).

Although a motion for summary judgment may be filed "at any time until 30 days after the close of all discovery," Fed. R. Civ. P. 56(b), summary judgment is generally not appropriate until after some discovery has occurred.  *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) (holding that Rule 56 allows for the entry of judgment against a party who, "after adequate time for discovery," has failed to establish the existence of a genuine dispute as to an essential element of that party's case).  Indeed, "[o]nly in the rarest of cases may summary judgment be granted against a plaintiff who has not been afforded the opportunity to conduct discovery."  *Hellstrom v. U.S. Dep't of Veterans Affairs*, 201 F.3d 94, 97 (2d Cir. 2000); *see also Trebor Sportswear Co. v. The Ltd. Stores, Inc.*, 865 F.2d 506, 511 (2d Cir. 1989) ("The nonmoving party should not be 'railroaded' into his offer of proof in opposition to summary judgment.") (citing *Celotex*, 477 U.S. at 326) (quotations in original).

Here, Defendants' Motion was filed at the pleading stage, prior to any discovery. ECF No. 30. The Notice of Motion indicates that Defendants are seeking "an order pursuant to Rules 56 and 12 of the Federal Rules of Civil Procedure, granting a judgment in favor of the defendants." *Id.* The Memorandum supporting Defendants' Motion includes boilerplate language regarding the legal standard under both rules, without specifying which arguments should be analyzed under Rule 56 and which should be analyzed under Rule 12(b)(6). ECF No. 30-4, at 4-5. The Motion was filed with certain hallmarks of a motion for summary judgment, such as a Rule 56 Statement of Undisputed Facts and the notice to *pro se* litigants required by *Irby v. New York City Transit Auth.*, 262 F.3d 412, 413 (2d Cir. 2001) and L.R. Civ. P. 56(b). ECF No. 30-1, 30-2. Defendants also cite to material outside the pleadings in the facts section of their Memorandum and in making their arguments. ECF No. 30-4, at 1-4. But in the conclusion to the Memorandum, Defendants only "request that the motion to dismiss be granted." ECF No. 30-4, at 20. The heading for each of Defendants' arguments states that the claim at issue "should be dismissed," not that summary judgment should be granted as to that claim. ECF No. 30-4, at 6-20. Defendants also state in their conclusion that "[i]n the event that any portion of this claim survives, defendants request the opportunity to conduct discovery including deposing plaintiff, and return [to] the Court for dispositive motions on a more complete record." ECF No. 30-4, at 20.

The jumbled nature of Defendants' Motion is problematic for several reasons. Other than the fact that they would like the Court to grant judgment in their favor, Defendants have provided little in the way of clarification as to what standards are applicable to Defendants' arguments. It is unclear whether the Defendants want this Court to analyze each of Defendants' arguments under both the Rule 56 and Rule 12 standards, analyze some arguments under the Rule 56 standard and others under the Rule 12 standard, or analyze all of Defendants' arguments

under only one standard.  The confusion caused by Defendants' Motion is especially problematic in this case, where Plaintiff is proceeding *pro se* and is expected to respond to Defendants' arguments using the correct legal standard.

As a motion for summary judgment, Defendants' application is insufficient because it fails to "identify[] each claim or defense--or the part of each claim or defense--on which summary judgment is sought."  Fed. R. Civ. P. 56(a).  The Motion is also deficient because it is premature.  Although in certain limited circumstances a motion for summary judgment in lieu of an answer and prior to discovery may be appropriate, *see Parra v. Wright*, No. 11-CV-6270 CJS, 2013 WL 6669235, at *7 (W.D.N.Y. Dec. 18, 2013) (considering one portion of the defendants' motion for summary judgment because "the facts regarding Plaintiff's efforts at exhaustion are not disputed, and it does not appear that any amount of discovery would change the outcome of that portion of the application"), that is not the case here.  Indeed, Defendants' own request for discovery and for the opportunity to "return [to] the Court for dispositive motions on a more complete record" belies any assertion that summary judgment is appropriate at this stage in the litigation.

Defendants' Motion also cannot be reasonably understood as a motion to dismiss under Rule 12(b)(6), because Defendants cite to material outside the pleadings throughout their arguments.  As explained above, matters outside the pleadings may not be considered when deciding a motion under Rule 12(b)(6).  *See* Fed. R. Civ. P. 12(d).  The only way for the Court to consider the material provided by Defendants at this stage of the litigation would be to treat Defendants' motion as one for summary judgment under rule 56, *see id.*, which is unacceptable for the reasons just described.

Because Defendants' Motion fails to identify the standards applicable to their arguments, and cannot properly be understood as either a motion to dismiss under Rule 12(b)(6) or a motion

for summary judgment under Rule 56, it is denied without prejudice.  In the future, the Court urges Defendants' counsel to "determine the basis for [its] motion, and draft the supporting papers to accurately and consistently reflect the same." *Parra*, 2013 WL 6669235, at \*4.

The Court also advises Defendants' counsel that this type of procedurally improper, untimely, catch-all motion unfairly confuses the issues for *pro se* litigants and is a considerable drain to scarce judicial resources.   Although the Court has discretion to allow Defendants a second bite at the apple, it is under no obligation to do so.  *Robinson v. Henschel*, No. 10 CIV. 6212 PGG, 2014 WL 1257287, at \*9 (S.D.N.Y. Mar. 26, 2014) (denying defendants' successive motion for summary judgment on exhaustion grounds as "procedurally improper"); *Siemens Westinghouse Power Corp. v. Dick Corp.*, 219 F.R.D. 552, 554 (S.D.N.Y. 2004); *Essex Ins. Co. v. Foley*, 827 F. Supp. 2d 1326, 1329 (S.D. Ala. 2011) (noting that "no federal litigant has an absolute right to bring multiple, piecemeal motions for summary judgment" and emphasizing the importance of not allowing parties to "treat their initial summary judgment motions as a 'dry run' which they would have an opportunity to redo or supplement—at considerable additional cost to opposing parties and at a considerable drain to scarce judicial resources").

## CONCLUSION

For the reasons stated above, Defendants' Motion (ECF No. 30) is DENIED WITHOUT PREJUDICE.

IT IS SO ORDERED.

Dated: February 10, 2016
       Rochester, New York

_____
HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court