UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

———————————————————————

TYRONE HOUSTON,

                            Plaintiff,                         Case # 13-CV-6594 FPG

v.                                                                  DECISION AND ORDER

MICHAEL SHEAHAN, et al.,

                            Defendants.

———————————————————————

## INTRODUCTION

*Pro se* Plaintiff Tyrone Houston, an inmate confined at Five Points Correctional Facility, brings this action seeking relief pursuant to 42 U.S.C. § 1983 based upon numerous alleged violations of his civil rights. ECF No. 1. Presently before the Court are Defendant Mewar's and Plaintiff's cross-motions for summary judgment with respect to Plaintiff's only remaining claim. ECF Nos. 115, 119.

The Court previously dismissed Plaintiff's other claims after Defendants moved for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c). ECF No. 99. Plaintiff's former dentist Defendant Mewar is the only remaining Defendant in this case, against whom Plaintiff asserts a claim of deliberate indifference to serious dental needs. For the reasons that follow, Defendant's motion is GRANTED, Plaintiff's motion is DENIED, and this case is DISMISSED.

## DISCUSSION

### I.    Summary Judgment Standard

Summary judgment is appropriate when the record shows that there is "no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed.

R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Disputes concerning material facts are genuine where the evidence is such that a reasonable jury could return a verdict for the non-moving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). In deciding whether genuine issues of material fact exist, the court construes all facts in a light most favorable to the non-moving party and draws all reasonable inferences in the non-moving party's favor. *See id*. at 255. The moving party "bears the initial responsibility of informing the district court of the basis for its motion, and identifying those portions of [the record] which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323. When the moving party has met this initial responsibility, the non-moving party must come forward with "specific facts showing a genuine issue [of material fact] for trial." Fed. R. Civ. P. 56(e)(2). In light of Plaintiff's *pro se* status, the Court must construe his opposition papers liberally "to raise the strongest arguments that they *suggest*." *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2009) (internal quotation marks omitted).

## II.   Deliberate Indifference to Serious Dental Condition

For medical care to be so inadequate that it amounts to the "cruel and unusual punishment" prohibited by the Eighth Amendment, the plaintiff must prove that the defendant's actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 102, 106 (1976). The first component of such a claim requires that the plaintiff's condition be objectively serious. "A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" *Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998) (finding a serious dental condition where the plaintiff alleged that he suffered extreme pain, deteriorated teeth, and the inability to eat properly) (internal quotation

marks omitted)); *Banks v. Mannoia*, 890 F. Supp. 95, 99 (N.D.N.Y. 1995) ("The serious medical need requirement contemplates a condition of urgency, one that may produce death, degeneration, or extreme pain.").

The second component is subjective and requires the plaintiff to allege that the prison official had actual knowledge of his serious medical needs but was deliberately indifferent thereto. *See Brock v. Wright*, 315 F.3d 158, 164 (2d Cir. 2003); *Hathaway v. Coughlin*, 37 F.3d 63, 66 (2d Cir. 1994). "[N]ot every lapse in prison medical care will rise to the level of a constitutional violation." *Smith v. Carpenter*, 316 F.3d 178, 184 (2d Cir. 2003). An alleged delay in treatment due to a "bad diagnosis or erroneous calculus of risks and costs" does not present deliberate indifference. *Sloane v. Borawski*, 64 F. Supp. 3d 473, 493 (W.D.N.Y. 2014) (quoting *Harrison*, 219 F.3d at 139)). Moreover, "mere disagreement over the proper treatment does not create a constitutional claim." *White v. Clement*, 116 F. Supp. 3d 183, 186 (W.D.N.Y. 2015) (quoting *Chance*, 143 F.3d at 703); *see also Ciaprazi v. Jacobson*, No. 13CIV4813PACKNF, 2016 WL 4619267, at *4 (S.D.N.Y. Sept. 6, 2016) (granting summary judgment to prison officials and holding that "it would not violate the Eighth Amendment for DOCCS to offer [inmate] only extraction") (collecting cases).

With respect to the objective component in this case, "because a tooth cavity will degenerate with increasingly serious implications if neglected over sufficient time, it presents a 'serious medical need' within the meaning of our case law." *See Harrison*, 219 F.3d at 137 (citing *Chance*, 143 F.3d at 702-03). The Court finds, however, that with respect to the subjective component of this claim, Plaintiff failed to present evidence sufficient to raise a material question of fact as to Defendant Mewar's alleged deliberate indifference.

Plaintiff reentered the state prison system in 2011 and arrived at Five Points on May 3, 2012. ECF No. 115-4 at 22, 30. Before that, an outside dentist saw him "at least eight times." *Id.* at 36-37. Plaintiff had "painful cavities" and had oral surgery on a broken tooth. *Id.* at 37. Plaintiff ate "a lot of junk food" and "used to always knock out [his] fillings." *Id.* at 37-38. Plaintiff contends that his outside dentist intended to have him fitted for dentures and recommended that Plaintiff go to an oral surgeon to treat his gum pain. *Id.* at 38, 42-43. Plaintiff had teeth removed while serving a prior prison sentence, but he testified at his deposition that Dr. Mewar "wanted to pull healthy teeth" against his wishes. *Id.* at 41.

Plaintiff was housed at Rikers Island from 2009 to 2011, a period during which he missed dentist appointments due to court appearances and received no dental care except Orajel pain cream. ECF No. 115-4 at 45. The Rikers Island dentist told Plaintiff he would send him to an oral surgeon, but he never did. *Id.* at 45. Plaintiff contends that when he met with Dr. Mewar for the first time on May 11, 2012, Dr. Mewar was very disrespectful and "told [him] to get out" when he tried to explain his dental needs. *Id.* at 46-47. Dr. Mewar said: "Today's Friday, I'm not fixing no cavities. You should have had it done when you w[ere] in the street." *Id.* at 48. Plaintiff had dental x-rays taken on July 6, 2011, and he saw Dr. Mewar again on July 20, 2012. *Id.* at 49. Plaintiff testified that Dr. Mewar "tried to pull five of [his] teeth out of [his] mouth that [he] didn't have any problems with" and told Plaintiff that he did not fill cavities, "he just pulls teeth." *Id.* at 52-53, 54. Plaintiff further testified that he wanted dental treatment from an oral surgeon because Dr. Mewar told him that he had to "cut" Plaintiff's "gums and break his bones." *Id.* at 74, 78. Plaintiff argues that Dr. Mewar is "not an oral surgeon [who is] certified for that." *Id.* at 74.

In his declaration, Dr. Mewar states that Plaintiff, who had 11 teeth extracted already, displayed a negative attitude during his May 11, 2012 appointment. ECF No. 115-3 at 2; *see also*

4

ECF No. 117 at 4. On July 20, 2012 at the Wende Dental Clinic, Dr. Mewar evaluated Plaintiff's x-rays and performed an exam, during which he determined that five teeth should be extracted. ECF No. 115-3 at 2. Plaintiff became argumentative, the exam could not be completed, and Plaintiff was asked to leave and return when he could act civilly. *Id.* Dr. Mewar opined that "[d]ue to the poor condition of [P]laintiff's teeth and the fact that [P]laintiff's teeth had cavities below the gum line, . . . there would not be a favorable prognosis if these cavities were filled" instead of extracted. *Id.* at 5.

Plaintiff's dental records indicate that he refused treatment on January 18, 2013, which he denies, and, although he agreed to extraction of a broken tooth on May 3, 2013, he later refused the extraction on May 15, 2013. ECF No. 115-3 at 2; ECF No. 117 at 5-6. Plaintiff refused to see Dr. Mewar on July 18, 2013, and he was advised that the could see another dentist at his own expense. ECF No. 115-3 at 2-3; ECF No. 117 at 6. Plaintiff refused to be treated by Dr. Mewar for dental-related facial swelling and an infection in August and October 2013, and he was repeatedly advised that the infection could be fatal if left untreated. ECF No. 115-3 at 3; ECF No. 117 at 7-8. Plaintiff was seen for his broken tooth pain on January 2, 2014, but he again refused a January 24, 2014 extraction by Dr. Mewar and requested an oral surgeon. ECF No. 115-3 at 3; ECF No. 117 at 8, 10. Plaintiff was advised that Dr. Mewar was qualified to perform the extraction, but that he nonetheless could arrange for an outside oral surgeon at his own expense. ECF No. 115-3 at 3-4; ECF No. 117 at 10.

Dr. Mewar ordered x-rays on January 29, 2016 and extracted two of Plaintiff's teeth on February 4, 2016. ECF No. 115-3 at 4; ECF No. 117 at 11-12. He subsequently extracted the broken tooth and ordered x-rays on February 25, 2016. ECF No. 115-3 at 4; ECF No. 117 at 13. Plaintiff refused to see Dr. Mewar for follow-up appointments in March and August 2016. ECF

No. 117 at 14-15. Plaintiff complained of a broken tooth on September 12, 2016, and Dr. Mewar removed the tooth, after ordering x-rays, on September 20, 2016. ECF No. 117 at 15-16. Dr. Mewar treated Plaintiff for dry socket on September 26, 2016, and a follow-up evaluation on September 29, 2016 was Dr. Mewar's final appointment with Plaintiff before he retired. ECF No. 115-3 at 4; ECF No. 117 at 17.

Based on the foregoing record evidence, Plaintiff has only established a disagreement over the proper course of treatment. Plaintiff's non-medical opinion that Dr. Mewar's dental treatment plan was unsuitable does not present a constitutional claim sufficient to survive summary judgment. Although Plaintiff testified at his deposition that he "just had the cavities filled that Dr. Mewar refused to fill," ECF No. 115-4 at 20; *see also* ECF No. 119-1 at 47, there is no record evidence to sustain a claim of deliberate indifference on Dr. Mewar's part.

Plaintiff has failed to adduce any evidence to support his contention that Dr. Mewar refused fill cavities in his other teeth because Plaintiff would not consent to the extraction of his diseased teeth. *Cf. Harrison*, 219 F.3d at 136 ("[T]he refusal to treat an inmate's tooth cavity unless the inmate consents to extraction of another diseased tooth constitutes a violation of the Eighth Amendment."). Plaintiff's dental records reveal that: (1) he frequently refused to be treated by Dr. Mewar and (2) Dr. Mewar continued to treat Plaintiff's various dental conditions, when possible, despite Plaintiff's persistent rejection of some of the recommended extractions. In other words, there is no indication in the record that, "subject to [his] consent to undergo an unwanted medical procedure," Plaintiff was conditionally denied treatment of "a degenerative condition." *Id*. at 137.

Consequently, because this action presents only a disagreement over the proper treatment of Plaintiff's dental condition, Defendant is entitled to summary judgment.

6

## **CONCLUSION**

Defendant's Motion for Summary Judgment (ECF No. 115) is GRANTED, Plaintiff's Cross-Motion for Summary Judgment (ECF No. 119) is DENIED, and this case is DISMISSED WITH PREJUDICE in its entirety. The Clerk of Court will enter judgment and close this case.

IT IS SO ORDERED.

Dated: March 6, 2019
      Rochester, New York

                                        HON. FRANK P. GERACI, JR.
                                        Chief Judge
                                        United States District Court