UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK
───────────────────────────────────

TYRONE HOUSTON,

                                  Plaintiff,            Case # 13-CV-6594-FPG

v.                                                      DECISION AND ORDER

MICHAEL SHEAHAN, et al.,

                                Defendants.
───────────────────────────────────

## INTRODUCTION

*Pro se* Plaintiff Tyrone Houston, an inmate confined at Sing Sing Correctional Facility, brought this action pursuant to 42 U.S.C. § 1983 based on alleged violations of his civil rights while he was confined at Five Points Correctional facility. ECF No. 1.

On March 6, 2019, the Court granted Defendant Mewar's summary judgment motion and dismissed this case. ECF No. 123. Before the Court is Plaintiff's motion for reconsideration of that decision pursuant to Federal Rule of Civil Procedure 60(b). ECF No. 126. Plaintiff has also objected to Defendant's Bill of Costs. ECF Nos. 125, 127.

For the reasons that follow, Plaintiff's motion for reconsideration is DENIED and Defendant's Bill of Costs is GRANTED in full.

## DISCUSSION

**I.    Motion for Reconsideration**

A court, in its discretion, can rescind or amend a final judgment or order due to: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly-discovered evidence that could not have been discovered with reasonable diligence; (3) fraud, misrepresentation, or misconduct by an opposing party; (4) a void judgment; (5) a satisfied or discharged judgment; or (6) any other reason justifying relief. Fed. R. Civ. P. 60(b).

"Such a motion is generally not favored and is properly granted only upon a showing of exceptional circumstances" and "should not be granted where the moving party seeks solely to relitigate an issue already decided." *Kroemer v. Tantillo,* 758 F. App'x 84, 87 (2d Cir. 2018) (quotation marks and citation omitted) (summary order). Where a motion "for post-judgment relief merely [seeks] to relitigate issues already decided," it "plainly fail[s] to demonstrate the exceptional circumstances that could merit the exercise of the district court's discretion to grant relief from its prior decision." *Id*. (quotation marks omitted).

Here, the Court granted summary judgment because it found that Plaintiff had only established mere disagreement over the proper course of dental treatment. Plaintiff argues that the Court erred when it made this finding by overlooking new dental records mentioned in his August and November 2018 correspondence. ECF No. 126 at 2; *see* ECF Nos. 121, 122.

Plaintiff seems to assert that his claim was not merely disagreement over treatment because Defendant refused to fill cavities in his other teeth when he declined the extraction of the diseased teeth. *Cf. Harrison v. Barkley*, 219 F.3d 132, 136 (2d Cir. 2000) ("[T]he refusal to treat an inmate's tooth cavity unless the inmate consents to extraction of another diseased tooth constitutes a violation of the Eighth Amendment."). But the Court found no indication in the record that, "subject to [his] consent to undergo an unwanted medical procedure," Plaintiff was conditionally denied treatment of a degenerative dental condition. *Id*. at 137.

Contrary to Plaintiff's assertion, his correspondence from August and November 2018 does not present newly-discovered evidence indicating that Defendant was deliberately indifferent. ECF No. 122. Moreover, the Court received those letters well before issuing its Order granting summary judgment. Plaintiff is not entitled to relief under Rule 60(b) because he has not demonstrated that there has been a mistake, inadvertence, surprise, excusable neglect, or newly

2

discovered evidence.  Finally, there is no record evidence to support Plaintiff's contention that defense counsel "maliciously altered" Plaintiff's deposition testimony.

Accordingly, for all the reasons stated, the Court denies Plaintiff's motion for reconsideration.

**II.     Bill of Costs**

Plaintiff also objects to Defendant's Bill of Costs (ECF No. 125), which reflects a $583.50 fee for Plaintiff's deposition transcripts, arguing that defense counsel "maliciously altered" or falsified his testimony and the facts in this case.  ECF No. 127.  The Court finds that Plaintiff has not sustained his burden of establishing that the cost requested should not be awarded.

"[C]osts—other than attorney's fees—should be allowed to the prevailing party" unless "a federal statute, [the Federal Rules of Civil Procedure], or a court order provides otherwise." Fed. R. Civ. P. 54(d)(1).  "[S]uch an award against the losing party is the normal rule obtaining in civil litigation, not an exception."  *Whitfield v. Scully*, 241 F.3d 264, 270 (2d Cir. 2001) (citation omitted).

"A judge or clerk of any court of the United States may tax as costs the . . . [f]ees for printed or electronically recorded transcripts necessarily obtained for use in the case."  28 U.S.C. § 1920(2).   The Court's "Guidelines for Bills of Costs," located on the Court's website (http://www.nywd.uscourts.gov), describes the supporting documentation needed when seeking deposition transcript costs.  *See also* Loc. R. Civ. P. 54(d), (e), (g).

Here, it cannot be disputed that Plaintiff's deposition testimony was "necessarily obtained for use in the case" since it was submitted as part of Defendant's summary judgment motion and the Court cited it in its Order granting the motion.  Therefore, it is a properly taxable cost.  *See*

*Hassan v. City of Ithaca*, No. 6:11-CV-06535 (MAT), 2016 WL 4430604, at *1 (W.D.N.Y. Aug. 21, 2016).

The Court also finds that Plaintiff has not carried his burden of showing that this cost should not be imposed. *See, e.g.*, *Whitfield*, 241 F.3d at 270. As stated above, Plaintiff accuses defense counsel of altering his deposition but does not indicate how his testimony was altered. The Court finds no factual support for this claim, which is based on Plaintiff's conclusory and unsworn statements.

Consequently, the Court finds no basis to deny Defendant's Bill of Costs.

## CONCLUSION

Plaintiff's motion for reconsideration (ECF No. 126) is DENIED, and Defendant's Bill of Costs (ECF No. 125) is GRANTED in full. The Clerk of Court will amend the judgment in this case to include the $583.50 in costs.

IT IS SO ORDERED.

Dated: August 13, 2019
      Rochester, New York

HON. FRANK P. GERACI, JR.
Chief Judge
United States District Court